### HIGHTOWER v. BAMBERG COTTON MILLS.

1. MASTER AND SERVANT.—When a master is aware of the inexperience of his servant in regard to such machinery as is not only dangerous, but whose danger is not apparent, it is his duty to warn the servant of the hidden danger.

2. NONSUIT.—Where there is competent evidence tending to sustain the material allegations of the complaint, nonsuit is improper.

Before ALDRICH, J., Barnwell, April, 1896.   Reversed.

Action by Hardy E. Hightower against the Bamberg Cotton Mills on the following complaint:

1. That the defendant above named was at the times hereinafter mentioned, and now is, an unincorporated association, owning, operating, and conducting a cotton factory in the town of Bamberg, in said county and State, under the name and style of the "Bamberg Cotton Mills," by which name and style it is usually known.

2. That on the 26th of December, 1894, at the time of the committing of the grievances hereinafter mentioned, the plaintiff was in the employ of the defendant as a laborer in the "picker room" of said factory, and was directed by the defendant to tend a dangerous machine known as a picker, and used to separate or pick apart raw cotton, at night, and it was the duty of the defendant to instruct the plaintiff as to the use and management of said machine, and explain its dangers to him; the said defendant then and there well knowing that the plaintiff was inexperienced and did not understand the workings of said machine, and had only been in its employ for four nights, and to furnish plaintiff proper and sufficient light while working the said machine.

3. That the defendant, not regarding its duty, conducted itself so carelessly, negligently, and unskillfully in this behalf, that it failed and neglected to explain to the plaintiff that the "beater" or machinery, enclosed in a case, on the inside of said machine, and so out of view, and which case or box it instructed the plaintiff was apt and liable to become dirty, so as to need cleaning out by him from time to time, did not stop at the same time when the other parts of said machine, which were exposed to view, stopped, and did not furnish good and sufficient light to the plaintiff while using said machine, but, on the other hand, the light furnished by it was unsafe, defective, and insecure, of which it had notice.

4. That for want of due care and attention to its duty

in that behalf, on the day and at the place aforesaid, and while the said picker or machine was in use by the plaintiff, the feed to said machine stopped, so that said machine would not work, the plaintiff then and there supposing that the box or case containing the beater had become dirty and needed cleaning, as defendant had instructed him it would, disconnected the power belt, so that all the machinery on said machine in sight stopped and became still; and the plaintiff not knowing, by reason of the negligence of the defendant in failing to instruct him, that the "beater" on the inside of said case or box continued running of its own momentum after the other machinery had stopped, and being unable to see the beater moving in said case or box, on opening the same, on account of the insufficient and defective light furnished him by the defendant, put his hand inside of said case, after using due care and diligence on his part, to clean out said box or case, when his right hand was suddenly caught in the beater, which was rapidly revolving, drawn in, and so broken and crushed that the nervous system of the plaintiff was greatly shocked, and it became necessary to have his said hand, together with a part of his arm, amputated, and was otherwise greatly damaged.

5. That by reason of the aforesaid injuries, the plaintiff became ill for a long time, and had to have his right hand and a part of his arm amputated, was obliged to and did actually expend large sums of money for surgical and other treatment in attempting to cure himself, but his injuries are and were of a permanent nature, and the plaintiff is thereby prevented and hindered from engaging in active business, to his damage in the sum of $5,000. Wherefore, plaintiff demands judgment against the defendant for the sum of $5,000.

The following is the order on Circuit:

Upon the conclusion of the plaintiff's testimony herein, the defendant moved for a nonsuit; and after hearing Messrs.

Robert Aldrich and Izlar Bros., attorneys for the defendant, in support of the motion, and Messrs. Bellinger, Townsend & O'Bannon, and Davis, plaintiff's attorneys, in opposition, the motion is granted; and accordingly it is hereby ordered, that the complaint herein be, and the same is hereby, dismissed, with leave to defendant to enter judgment for costs.

From this order granting a nonsuit, and from the judgment entered thereon, the plaintiff appeals, on the exceptions following:

1. That his Honor, the presiding Judge, erred in granting said motion for a nonsuit, because there was evidence tending to prove every material allegation of the complaint.

2. That his Honor erred in holding that there was no evidence tending to show any negligence on the part of the defendant, which was the cause of the injury to the plaintiff; whereas there was evidence tending to show that the machine which the plaintiff was employed to operate and attend was of such a dangerous character that it became the duty of the defendant to warn the plaintiff, who was inexperienced, of such dangers, and to instruct him as to the use of such machine; and there was further evidence which tended to show that the negligence of defendant in not warning the plaintiff, whom it knew to be an inexperienced servant, employed by it to tend a dangerous machine, of the danger attending the use of such machine, and which danger resulted in the injury to the plaintiff, was the proximate cause of the plaintiff's injury; and there was further evidence tending to show that the defendant was negligent in not furnishing plaintiff sufficient light, while in its employment, to enable him to see the dangers attending his work, when it knew him to be inexperienced.

3. That his Honor erred in holding that the plaintiff assumed the risks of operating and tending said machine at the time he entered the employment of defendant, when there is no evidence to show that these risks were known to him; and, on the other hand, the evidence shows that he

was inexperienced, and unaware of the danger which caused his injury.

4. That his Honor erred in considering the question of the plaintiff's assumption of the risks incident to his employment on a motion for a nonsuit, that being a question for the jury.

5. That the evidence tending to show that the machine which the plaintiff was employed by the defendant to operate was of a dangerous character, and that the plaintiff was inexperienced in its use, his Honor erred in holding that the defendant was under no duty to warn the plaintiff as to such dangers.

*Messrs. Bellinger, Townscnd,* and *O'Bannon,* for appellant, cite: 156 U. S., 391; 35 S. W. R., 851; 74 Fed., 186; 19 S. E. R., 262; 110 Ind., 18; 35 N. E. R., 721; 27 N. E. R., 675; 14 S. E. R., 476; 8 N. E. R., 241; 30 N. E. R., 81; 13 Allen, 433; 3 Fort, 622; 102 Mass., 572, 579; 135 Mass., 294; 18 S. E. R., 360; 74 Fed., 608; 19 S. E. R., 724; 43 N. E. R., 651; 74 Fed., 155; 20 S. E. R., 752; 19 S. C., 20.

*Mr. Robert Aldrich,* contra, cites: 15 S. C., 451; 36 W. Va., 232; 39 S. C., 44; 26 S. C., 495; 17 S. E. R., 890; 17 S. E. R., 746; 14 S. E. R., 999; 16 S. E. R., 212; 1 McM., 400; 22 S. C., 564.

*Messrs. Izlar Bros.,* also contra, cite: 18 S. C., 262; 41 S. C., 392; 34 S. C., 214; 21 S. C., 101; 38 S. C., 370; 16 S. C., 397; 19 S. C., 23, 33, 511; 16 S. C., 636; 18 S. C., 554; 44 S. C., 315; 21 S. C., 549; 33 S. C., 198; 41 S. C., 390; 32 S. C.; 592; 31 S. C., 125; 29 S. C., 125; 26 S. C., 490; 25 S. C., 24; 23 S. C., 289.

Jan. 6, 1897.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an appeal from an order of nonsuit.    The complaint, the reasons assigned by his Honor, Judge Aldrich, for granting the order of nonsuit, and appellant's exceptions will be set out in the report of the case.

Testimony was introduced in behalf of the plaintiff tending to show: 1st. That the plaintiff was inexperienced in mill work.   2d.  That this was known to the defendant. 3d. That the "beater" which caused the injury was not only a dangerous piece of machinery, but its danger was *latent*.   4th. That the plaintiff was not aware of the fact that the "beater" revolved by its own momentum for two or three minutes, after it appeared that all the machinery had stopped; neither the defendant nor its servants having pointed out such danger to him.   5th. That if the plaintiff had known this fact, the injury would not have happened.

When a master is aware of the inexperience of his servant in regard to such machinery as is not only dangerous, but the danger is not apparent, it is his duty to warn the servant of the hidden danger.

There was competent testimony introduced in this case to sustain the material allegations of the complaint; therefore, the order of nonsuit was erroneous.

As the case must be remanded for a new trial, and as a lengthy discussion of the issues might tend to prejudice either the plaintiff or the defendant, the Court deems it best to state its conclusions thus concisely.

It is the judgment of this Court, that the order of the Circuit Court be reversed.